IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **DAIMLER CHRYSLER CORPORATION,** | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO. |
| v. | ) ) | |
| **RHONDA FLOWERS,** | ) ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, the Daimler Chrysler Corporation, by and through undersigned counsel, and for its Complaint against the Defendant, states and alleges as follows:

### NATURE OF ACTION, PARTIES, JURISDICTION AND VENUE

1. This is an action for equitable relief to enforce the terms and preserve the assets of an employee welfare benefit plan under the terms of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1000-1461.

2. Plaintiff is a fiduciary of a self-funded employee welfare benefit plan (hereinafter "DC Plan"). Plaintiff is authorized to bring this action on behalf of all DC Plan participants to enforce the terms of the Plan and to protect the assets of the Plan under 29 U.S.C. §1132(a)(3) and federal common law.

3. This is an action for the imposition of a constructive trust and/or equitable lien over identifiable funds in the possession and/or control of the Defendant. No money damages are being sought from the Defendant in this matter.

4.      Defendant Rhonda Flowers is a resident of the State of Delaware and may be personally served at her residence at 19 Wellington Drive, Newark, Delaware 10702.

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this is an action to enforce the terms of an employee welfare benefit plan under ERISA and federal common law.

6.      Pursuant to 29 U.S.C. §1132(e)(2) venue is proper in this Court because the Defendant resides in this district and the breach of the Plan provision has occurred and is occurring in this district.

## FACTUAL ALLEGATIONS

7.      At all times relevant herein, Defendant Flowers was a beneficiary in the DC Plan.

8.      On or about July 1, 2003, Defendant Flowers sustained personal injuries in slip and fall accident.

9.      As the result of injuries sustained by the Defendant in the aforementioned accident, the DC Plan paid medical benefits in the amount of $32,748.15 on her behalf.

10.     The DC Plan contains an express provision that provides that Plan beneficiaries must fully reimburse the DC Plan from payments received from insurers as a result of injuries caused by third parties. Attached hereto as Exhibit A is a true and correct copy of the applicable provisions of the Plan, which are incorporated by reference herein.

11.     Upon information and belief, Defendant Flowers pursued a negligence claim against the person or persons responsible for the aforementioned accident.

12.     Upon information and belief, Defendant Rutledge settled the aforementioned negligence claim and has received payments totaling $67,000.

13.     Upon information and belief, all or part of the settlement proceeds are within the actual or constructive possession of Defendant Flowers.

14. Despite repeated requests, the Defendant has failed to reimburse the plan from the proceeds of the settlements; and has thereby breached the terms of the DC Plan and ERISA.

## COUNT I:  CONSTRUCTIVE TRUST

15. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 14, above.

16. Pursuant to §1132(a)(3), the Plaintiff seeks equitable relief against the Defendant to enforce ERISA and the terms of the Plan.

17. Upon information and belief, the Defendant is in actual or constructive possession of settlement proceeds and is therefore in possession of funds that as a matter of equity and good conscience belong to the DC Plan.

18. The Plaintiff, through its agents, has sent notice to all known parties of its rights under the DC Plan.

19. The Defendant has refused to turn over the settlement funds according to the provisions of the Plan.  Defendant's refusal violates the terms of the Plan and ERISA. Plaintiff is entitled to equitable restitution in the form of a constructive trust or equitable lien with respect to the disputed funds held in constructive possession by the Defendant.

20. The Defendant should be ordered to turn over to the Plaintiff any settlement funds in the Defendant's actual or constructive possession (up to the amount of the benefits advanced by the Plan on his behalf) in order to enforce the terms of the Plan and ERISA.

WHEREFORE, the Plaintiff seeks the following relief:

    a. For service upon the Defendant as required by law;

    b. An order imposing a constructive trust and/or an equitable lien in favor of the Plaintiff upon any funds or any property into which they have

been converted which is in the Defendant's possession or under the Defendant's control;

c. An order enjoining the Defendant from dissipating any of the settlement funds until Plaintiff's rights can be adjudicated;

d. An order enjoining the Defendant from transferring or disposing of the settlement funds which would prejudice, frustrate or impair Plaintiff's ability to recover same;

e. An order awarding to Plaintiff reasonable attorney's fees and costs incurred herein, pursuant to section 29 U.S.C. §1132(g)(1); and

f. Other and further equitable relief to which the Plaintiff may be entitled.

This 12th of February, 2007.

/s/Ronald J. Drescher
Bar No. 4087
Drescher & Associates, P.A.
4 Reservoir Circle
Suite 107
Baltimore, MD 21208
(410) 484-9000
ecf@drescherlaw.com
Fax (410) 484-8120

Counsel for Daimler Chrylser Corporation

by the Corporation. As a result, in the vast majority of cases, there will be no reimbursement to the plan(s) however;

    a.     The plan(s) will cooperate with the Corporation on any case where such settlement requires reimbursement so that an equitable agreement can be reached for reimbursement of the plan(s) payments.

    b.     The exclusionary provisions pertaining to workers' compensation shall not be used against Enrollees for future covered services relating to a prior case which was redeemed by the Corporation.

## II. SUBROGATION

### A. General

In the event that an Enrollee receives services that are paid by the Program, or is eligible to receive future services under the Program, the Program shall be subrogated to the Enrollee's rights of recovery against, and is entitled to receive all sums recovered from, any third party who is or may be liable to the Enrollee, whether by suit, settlement or otherwise. An Enrollee shall take such action, furnish such information and assistance, and execute such documents as the Program may request to facilitate enforcement of the rights of the Program and shall take no action prejudicing the rights and interests of the Program.

### B. Other Provisions

    1.     The Enrollee shall promptly inform the Program of any situation or


EXHIBIT "A"

circumstance which may allow the Program to invoke its subrogation rights.

2. The Program rights shall be considered as the first priority claim against any third party, to be paid before any other claim is paid, whether or not the Enrollee has been made whole or has received all sums from a third party.

C. Enforcement

The Program, in its discretion, may employ the following means to protect its interests:

a. Allow Program representatives to directly negotiate the subrogation rights with a party or their representatives against whom the Enrollee seeks recovery; or

b. Intervene in a lawsuit, with court permission, if the Enrollee has instituted such an action against the third party; or

c. Institute a lawsuit against the third party even if the Enrollee's claim has been settled; or

d. Institute a lawsuit against the Enrollee if settlement has been made; or

e. Withhold future benefits to the Enrollee who fails to cooperate with the Program; or

f. The Program shall be entitled to collect its costs of collection and attorneys' fees in enforcing its rights under this Part.

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DAIMLER CHRYSLER CORPORATION,

## DEFENDANTS
RHONDA FLOWERS,

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Ronald Drescher, Drescher & Associates, 4 Reservoir Circlie, Suite 107
Baltimore, MD 21208  (410) 484-9000

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☒ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
29 U.S.C. §1132(a)(3)
Brief description of cause:
This is a claim for equitable remedies.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: <u>47 USC 553</u>
Brief Description: <u>Unauthorized reception of cable service</u>

**VII.** **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.